UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DAN L. COX                              )
                                        )
v.                                      )          NO. 2:07-CV-79
                                        )
JAMES LAWS and SENTENCE MGMT.           )

## **MEMORANDUM and ORDER**

Proceeding *pro se*, state inmate James L. Cox brings this civil rights complaint for injunctive relief under 42 U.S.C. § 1983. The defendants are James Laws, the timekeeper at the Washington County Detention Center (WCDC), and Sentence Management in Nashville, Tennessee. Plaintiff's application to proceed *in forma pauperis* is **GRANTED** [Doc.1], and he is **ASSESSED** the civil filing fee of $350.00.

The custodian of plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; <u>or</u>

    (b)    twenty percent (20%) of the average monthly balance in plaintiff's inmate trust account for the six-month period preceding the filing of

the complaint. *See* 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account), but only when such monthly income exceeds $10.00, until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where plaintiff is now confined.[1]

The Court must now screen the complaint and, if it is frivolous or malicious, fails to state a claim, or names defendants who are immune, it must be dismissed. 28 U.S.C. § 1915A and § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

In his complaint, plaintiff alleges that the time he has served on his sentence of incarceration has not been calculated, despite his best efforts to obtain

---

[1] **Send payments to the following address:**

Clerk, U.S. District Court
220 West Depot Street, Suite 200
Greeneville, TN 37643

2

such an accounting. Plaintiff claims that he has written a letter and sent numerous requests to the WCDC timekeeper, defendant Laws, and three letters to defendant Sentence Management, all involving this matter. He believes that he has completed his sentence of nine years at 35%, but is being hindered in obtaining information which would verify this because defendants are taking their time to figure out whether he has "done [his] time."

Plaintiff would like to have his time calculated. Additionally, he asks that the Tennessee Board of Parole consider that he has met all the requirements in connection with his parole in West Virginia, has passed his GED, has taken an "Elec." [Electrical?] examination, is an electrician apprentice, and will be a productive member of society upon his release from jail. However, no service shall issue on the complaint and, for the following reasons, it will be dismissed.

To the extent that plaintiff's allegations regarding his time calculation relate directly to the fact and duration of his physical confinement, his sole federal remedy in that regard is to seek a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Also, a petitioner who seeks habeas relief from an alleged unconstitutional conviction must first exhaust his available state court remedies by fairly presenting all his claims to the courts in the state where he was convicted. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). There is no indication in the

complaint that this exhaustion requirement has been met. Indeed, plaintiff's suggestion that defendants have been dilatory in making the time-calculation serves as an implicit acknowledgment that he is still pursuing state remedies.

Second, with regard to plaintiff's oblique request that this Court advise the Tennessee Board of Parole of his educational pursuits and compliance with West Virginia's parole requirements so that these matters may be considered in the board's decision as to whether to grant him parole, plaintiff has no constitutional right to early release on parole before the expiration of his maximum sentence of imprisonment, *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), and no right under state law. *Wright v. Trammell*, 810 F.2d 589, 591 (6th Cir.1987). Under *Sandin v. Conner*, 515 U.S. 472 (1995), an inmate has a protectible liberty interest in being free from state restraint only where it imposes an atypical and significant hardship in relation to the ordinary incidents of prison life. *Id.* at 478. Confining an inmate until such time as he shall have completed his lawfully-imposed and unexpired sentence does not work an atypical and significant hardship on him.

Moreover, federal courts have limited jurisdiction, U.S. Const. Art. III, § 2, cl.1; *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993), and this Court can

act only when empowered to do so by the Constitution or a statute. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982). The doctrine of federalism and the Constitution instruct that the Court has no jurisdiction to intercede on plaintiff's behalf with the Tennessee Board of Parole.

Therefore, this action will be **DISMISSED** without prejudice to plaintiff's right to assert in a habeas corpus case any claims he may have involving a detention which has extended beyond his state court sentence, after exhaustion has occurred.

A separate order will enter.


**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
